**Ricky WHEATLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 59971.**

Supreme Court of Missouri,
En Banc.

Dec. 19, 1977.

Daniel B. Hayes, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This case presents the question of whether, after counsel has been appointed for a petitioner who files pro se a motion for postconviction relief under rule 27.26, the trial court may, without giving counsel notice or an opportunity to be heard, summarily deny the motion.

The court of appeals, division one, St. Louis district, held not, in a two to one decision. The case was transferred here on application of the state. Treating the case as though it were here on original appeal, we reach the same result as did the court of appeals and remand the case accordingly.

Rule 27.26(h) provides, in part, that "If a motion presents questions of law or

issues of fact, the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motion filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included."

In the case before us the trial court did, shortly after the motion was filed, appoint counsel and give notice thereof. Appointed counsel thereupon wrote movant in the penitentiary, asking for pertinent information about the grounds asserted in the pro se motion and also ordered a transcript of the guilty plea proceedings. Shortly thereafter the court, without notice, summarily denied the motion.

Once counsel had been appointed, counsel and movant were entitled to assume petitioner's pro se motion had survived the initial hurdle of stating a claim upon which relief could be granted under the strict tests imposed by *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974). This being so, counsel for movant was entitled to the same treatment accorded any lawyer representing a client whose matter is firmly lodged in the court—notice before the court acts on the matter adversely to his client.

The facts are that the trial judge who made the appointment of counsel was not the regular judge of the division and was succeeded by the regular judge who returned to the bench after an illness. It was the latter who summarily overruled the motion, without notice to anyone. Evidently the regular judge concluded that the earlier judge was in error in treating the pro se petition as being sufficient to call for the appointment of counsel. Of course, a court can reverse itself on a matter pending before it, but even so, the orderly way to proceed consistent with due process under these circumstances was to notify counsel of the court's intention to rule on the matter at a time certain, which the court could easily have done, and permit counsel an opportunity to be heard and to amend the petition.

As we said in *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950): "It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection . . . ."

We said further: "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights is the very foundation stone of our procedure."

In the case before us, this should have been done by notifying counsel. This is not to say that the presence of the movant himself, who would have to be transported from the penitentiary, is necessarily always required. That depends upon what the facts are. Here it would not have been essential that movant personally have an opportunity to be present at the determination of whether his petition was sufficient, but it was essential that his counsel be afforded such opportunity.

For failure for that to have been done, the judgment overruling the motion is reversed and the cause remanded for further proceedings consistent with this opinion.

All of the Judges concur.