Rufus Phillip LANG, Appellant,

v.

STATE of Missouri, Respondent.

No. 41228.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

Timothy B. Brassil, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Douglas A. Forsyth, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Rufus Lang, (herein defendant) appeals from a judgment by the Circuit Court of the City of St. Louis denying, without notice or hearing, his Rule 27.26 Motion.

On July 7, 1975, defendant pled guilty to charges of burglary second degree and stealing from a dwelling house. He filed his first motion to vacate the judgment pursuant to Rule 27.26 pro se on July 20, 1977 alleging ineffective assistance of counsel. On September 6, 1977 counsel was appointed to represent him in relation to the motion. Defendant's first motion was denied on March 1, 1978. Subsequently, on March 13, 1978, defendant's appointed counsel filed a motion to vacate this judgment of denial which was granted on March 29, 1978. The Circuit Court allowed defendant sixty days in which to amend his motion. Defense counsel did not file an amended motion within the proscribed period but defendant amended the motion and filed it 243 days after leave to amend was granted.

Though filed out of time the court received the motion but declined to grant the defendant any relief thereon.

Defendant now appeals, his one point relied on being that the trial court erred in summarily dismissing his Rule 27.26 motion without giving him or his attorney notice. Defendant claims that he was entitled to notice because the court dismissed his motion, not on the merits, but for failure to state a claim.[1] Defendant contends that this action by the court violated his right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and Article One of the Missouri Constitution.

■ We do not quarrel with defendant's contention that due process cannot be afforded in the absence of notice that a matter is pending which may or may not deprive him of life, liberty, or property. *First Nat. Bank v. Cook*, 74 S.W.2d 846, 851 (Mo. App.1934); *Valter v. Orchard Farm School District*, 541 S.W.2d 550, 557 (Mo.1976). Defendant cannot complain, however, that he had not notice of an action pending which could possible deprive him of life, liberty, or property because defendant himself initiated this action by filing the motion.

■ We also do not disagree with defendant's contention supported by *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977), that it is error for the trial court to dismiss a 27.26 motion for failure to state a claim without notifying counsel of the need for amendment to correct the inadequacy. *Id.* at 527. The requirement of notice as set out in the *Wheatley* case is not applicable to the instant case, however, because neither of defendant's motions were denied or dismissed for failure to state a claim. The court appointed counsel to represent the defendant after he filed his first motion pro se. The appointment of counsel is an affirmation by the court that the pro se motion is legally sufficient. *Wheatley v. State, supra*, 527. Further, in the memorandum opinion in which the court denied the defendant's motion the court found that ineffective assistance of counsel was immaterial except to the extent that it bears on the voluntariness of a guilty plea. The court stated that an analysis of the pleas entered by the defendant demonstrated that they were entered with a complete understanding of the proceedings and that defendant had received the sentence for which he had bargained. Pursuant to this determination the court denied the motion. This is a disposal of defendant's motion on the merits. There is nothing in the court's opinion to indicate that it was denied for failure to state a claim.

■ Defendant also mistakenly assumes that the court's denial of his second motion to vacate the judgment was a dismissal for failure to state a claim. This assumption is refuted by the findings of fact and conclusions of law filed in conjunction with the court's denial of the motion. Therein the court found that defendant's pleas of guilty were entered voluntarily and not as a result of being misled by his attorney. The court found that defendant received the precise sentence that he had bargained for and that the motion, when considered in a light most favorable to the movant, did not present any questions of law or fact which would entitle the defendant to a hearing on his motion. These findings by the court were on the merits of defendant's allegations; the essence of which was that the defendant was entitled to no relief on his claim and no evidentiary hearing, not that he failed to state a claim. When it is determined from a review of the record that

---

1. As evidence of this contention defendant points out that the court vacated its order denying defendant's first motion and allowed the defendant time to amend.

The court vacated its prior denial pursuant to a petition filed by defendant requesting a vacation on the grounds that defense counsel received no notice that the court would rule adversely to him citing *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977). The memorandum in which the court sustained defendant's motion to vacate the prior judgment of denial states no grounds for the court's action. We are not privy to the court's reasons for allowing the amendment. Undoubtedly, it was to aid the movant by permitting him to add additional allegations. It is clear from the court's first memorandum opinion that leave to amend was not granted because defendant's motion failed to state a claim.

defendant has no right to relief, failure to grant an evidentiary hearing is not error. *Smith v. State*, 513 S.W.2d 407, 412 (Mo. banc 1974). When a hearing is in order counsel is entitled to notice thereof so that he may prepare evidence.

■ Similarly, the purpose of notice to counsel, as required by the *Wheatley* case, is to apprise counsel that his petition is legally insufficient and requires amendment to make it so. Unless legal insufficiency, i. e., failure to state a claim, is the grounds for dismissal of defendant's motion, notice to counsel that the court will deny the motion could serve no purpose. There is no action counsel could take, even if notified of the intent to deny, to prevent denial of the motion unless the motion is denied or dismissed for failure to state a claim. In that instance he could take corrective measures to salvage his motion by amendment.

We will not extend the notice rule of *Wheatley* to require the court to notify counsel of any and all future actions it may take in disposing of motions. Notice may be required only in instances where it would serve some purpose.·

Judgment affirmed.

CRIST and REINHARD, JJ., concur.