Gary Leon RILEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 48409.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1984.

Philip Heagney, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

This is an appeal from the dismissal of a Rule 27.26 motion without an evidentiary hearing. We reverse and remand with directions.

For a summary of the procedural morass of movant's earlier attempts to set aside his sentences, *see Riley v. State*, 588 S.W.2d 738 (Mo.App.1979). In the present appeal movant alleges trial court error (1) in failing to give movant notice and an opportunity to be heard before dismissing his motion; (2) in ruling that movant was not entitled to an evidentiary hearing on the motion; and (3) in overruling movant's motion for disqualification of judge.

In this Rule 27.26 proceeding, movant, by appointed counsel, filed his motion on January 9, 1984. On January 23, 1984, the trial court filed its findings of fact, conclusions of law, and entered its order dismissing the motion with prejudice without an evidentiary hearing and without notice.

" 'It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection.' * * Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power." *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 350 (banc 1950).

In *Wheatley v. State*, 559 S.W.2d 526, 526 (Mo. banc 1977), the court stated: "This case presents the question of whether, after counsel has been appointed for a petitioner who files pro se a motion for postconviction relief under rule 27.26, the trial court may, without giving counsel notice or an opportunity to be heard, summarily deny the motion." The court quoted the above-cited language from *Hoppe*, and held counsel should have been notified. It further noted that counsel and movant were entitled to assume petitioner's pro se motion had stated a claim upon which relief could be granted because counsel had been appointed. The court concluded: "[T]he orderly way to proceed consistent with due process under these circumstances was to notify counsel of the court's intention to rule on the matter at a time certain, which the court could easily have done, and permit counsel an opportunity to be heard and to amend the petition." *Wheatley*, 559 S.W.2d at 527.

In 1978, one year after *Wheatley*, the Missouri Supreme Court implemented a per se rule requiring counsel be appointed to all indigent Rule 27.26 petitioners without a preliminary finding that the initial pro se petition stated a claim. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). Since that decision, the supreme court has summarized *Wheatley* without explaining how

*Fields* might affect it. "All *Wheatley* required is that movant's counsel be given an opportunity to be heard before the trial court dismisses a 27.26 motion for failure to state a claim ...." *Seales v. State*, 580 S.W.2d 733, 734 (Mo. banc 1979).

In *Dawson v. State*, 640 S.W.2d 165, 166 (Mo.App.1982), the court stated its broader interpretation of *Wheatley*: "After appointment of counsel, the court must notify counsel and give an opportunity to be heard before summarily dismissing a motion under Rule 27.26." In *Dawson* the court stated that the notice would have allowed the record to have been developed to permit review on the merits. *See also Remington v. State*, 654 S.W.2d 280 (Mo. App.1983).

In *Lang v. State*, 596 S.W.2d 739, 741 (Mo.App.1980), this court stated: "We will not extend the notice rule of *Wheatley* to require the court to notify counsel of any and all future actions it may take in disposing motions. Notice may be required only in instances where it would serve some purpose." In *Lang*, the motion was determined not to have been dismissed for failure to state a claim. "Unless legal insufficiency, i.e., failure to state a claim, is the grounds for dismissal of defendant's motion, notice to counsel that the court will deny the motion could serve no purpose." *Lang*, 596 S.W.2d at 741. In the present case, one reason for the dismissal was the failure to plead facts instead of conclusions; so even under the narrower grounds of *Lang*, notice should have been given.

Further, in *Lang* the trial court specifically granted movant's counsel a stated time in which to amend the motion. Implicit in that order was the indication that the court would rule on the motion after the time for amendment had passed. In the present case, there was no notice whatsoever from the trial court. There was no indication as to when it would be taken under submission.

In *Ross v. State*, 601 S.W.2d 672 (Mo. App.1980), the counsel had been appointed for the 27.26 movant, and counsel was given fifteen days to amend the 27.26 motion,

which counsel did. Counsel was also notified when the motion would be taken under submission. The court held that *Wheatley* did not require notice of the trial court's planned ruling: "There is nothing in Rule 27.26 requiring the trial court to advise in advance of its intended ruling on the motion or to permit *ad infinitum* amendments to a motion it finds lacking in entitlement for relief." *Ross*, 601 S.W.2d at 677. Counsel for movant in *Ross* had wanted a chance to amend the motion a second time, if after having once amended the movant's pro se motion, it still did not state a claim for relief. The court refused his request since he had notice of the impending ruling when he was notified the motion would be taken under submission.

■ It is fundamental that before the motion in the present case could be dismissed, particularly dismissed with prejudice, counsel should have been made aware of the court's intention to enter its order and been given an opportunity to be heard. The fact that movant had counsel at the time of the filing of his motion rather than later-appointed counsel is immaterial. The same rights to notice and hearing still apply.

■ The better procedure in a Rule 27.26 proceeding is for the trial court, after movant has obtained either retained or appointed counsel, to give written notice of its intention to rule on a specific date on the issue of whether an evidentiary hearing will be granted. The time period allotted should be commensurate with the time necessary for movant's counsel to confer with his client and to amend the petition in a lawyer-like manner. Oral argument should be accorded to the parties if requested, consistent with local court rules. This would ensure an orderly procedure consistent with due process. *See Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977).

In view of our holding, we decline to address movant's second point.

■ Movant's third point alleges error in the court's denial of his motion for disqualification of the judge. The Rules of Civil Procedure apply to Rule 27.26 cases insofar as applicable. Rule 27.26(a). Thus, Rule 51.05(a) allowing a change of judge and Rule 51.05(d) restricting a party to one change as a matter of right, apply. Movant here had already filed and had sustained an application for disqualification with regard to an earlier Rule 27.26 motion filed pro se. The present appeal stems from a Rule 27.26 motion filed by movant's counsel. Movant claims the motion filed by counsel should be treated as a new, separate action, because it raises new issues, and that consequently he is entitled to a new right of disqualification. We disagree.

A Rule 27.26 movant was limited to one disqualification of his multiple collateral attack motions in *State v. Gray*, 478 S.W.2d 654, 669 (Mo.1972). The court in *Gray* did not discuss what bearing the raising of new issues might have on its holding. In *State ex rel. B_____ C_____ C_____ v. Conley*, 568 S.W.2d 605, 608 (Mo.App.1978), the court discussed the standard for allowing a new right of disqualification. The court stated that *Brault v. Kyser*, 562 S.W.2d 172, 174 (Mo.App. 1978), "teaches that any judicial proceeding which raises 'a new issue' *and* which seeks 'distinctly different relief' from that which was previously before the court constitutes a 'civil action' as the term is used in Rule 51.05.... The consummate test appears to be rooted in basic and fundamental concepts of right and fairness." (Emphasis added.) The court in *Conley* summarized the rules when it stated "the real test is whether it is the 'kind of independent proceeding which does in fact adjudicate rights of individuals, irrespective of and not conditional upon what is provided in the original decree.'" *Conley*, 568 S.W.2d at 608.

■ In the present case, movant raises new issues not presented earlier but seeks the same relief under the same rule. We cannot find that this latter proceeding is "independent" of the earlier Rule 27.26 motion proceeding. Movant's third point is denied.

The order of the trial court is reversed and the cause is remanded with directions

to proceed in a manner not inconsistent with this opinion.

DOWD, P.J., and CRIST, J., concur.