**Herbert CHASTAIN a/k/a Rodnie Stewart, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13790.

Missouri Court of Appeals, Southern District, Division Two.

March 21, 1985.

Larry Maples, Asst. Public Defender, Joplin, for movant-appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant was jury convicted of burglary in the second degree. He was sentenced to imprisonment for seven years. He filed a Notice of Appeal to this court. Six months later the appeal was dismissed because nothing had been done to preserve or perfect the appeal. In this proceeding he seeks relief by his amended motion under Rule 27.26.

That claim for relief is based upon allegations of ineffective assistance of appointed counsel contrary to the Sixth Amendment. The ineffective assistance pleaded included his counsel's failure to perfect and present the appeal that had been requested by the movant. Following a hearing, upon

notice to and argument of counsel, the trial court denied the amended motion without an evidentiary hearing. In so doing, the motion court entered extensive findings of fact and conclusions of law as a basis for denial of the motion.

■ Movant's first claim of error is that the motion court did not notify him his amended motion did not state a factual basis for relief and afford him an opportunity to further amend the motion. To support that proposition, he cites *Lang v. State*, 596 S.W.2d 739 (Mo.App.1980). That case incorporates language from *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977). Neither of these cases supports his position. In this case "[t]he trial court did precisely what was required by *Wheatley* in that, after appointing counsel for movant and before dismissing the 27.26 motion by sustaining the state's motion to dismiss, the trial court afforded movant's counsel the opportunity to be heard on the matter by giving notice and setting the same for a hearing." *Seales v. State*, 580 S.W.2d 733, 734 (Mo. banc 1979). "There is nothing in Rule 27.26 requiring the trial court to advise in advance of its intended ruling on the motion or to permit *ad infinitum* amendments to a motion it finds lacking in entitlement for relief." *Ross v. State*, 601 S.W.2d 672, 677 (Mo.App.1980). The appropriate procedure for determining the sufficiency of a motion under Rule 27.26 is succinctly and decisively reviewed in *Riley v. State*, 680 S.W.2d 956 (Mo.App.1984) and *Ray v. State*, 644 S.W.2d 663 (Mo.App.1982). The point is denied.

■ Movant's second point is that his allegation his appointed counsel failed to perfect and present his requested appeal stated a basis for relief. Contrary to the state's contention, the issue of whether or not movant's counsel abandoned him on appeal was cognizable in the trial court. *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980). It is before this court on appeal.

In passing upon this allegation, the trial court considered the record of a guilty plea in a contemporaneous, but separate, case against the defendant in the same court. In the plea proceedings, the prosecuting attorney corrected and refuted defense counsel's statement that a plea bargain included the dismissal of the appeal from the burglary conviction. In summarizing the circumstances of the plea, the plea court said: "You still have the right to proceed with your appeal. You apparently are going to dismiss it, and you can do it if you want but that is not a part of the bargain with the State. Do you think your client understands this. THE DEFENDANT: Yes, I understand this." The motion court found this record established the movant dismissed the appeal and no hearing was required upon the allegation.

Rule 27.26(e) provides: "Unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held." (Emphasis added). Movant contends the motion court's consideration of the record in another case is contrary to this rule. It is not necessary to decide that issue. The record in question may be interpreted to mean that the movant understood he could, if he wanted to, but was not bound to dismiss his appeal. His allegation that he requested the appeal is not conclusively refuted by this record.

To support this basic allegation, the motion also recited that the movant was denied appellate review in five general areas. The motion contained no factual allegation even tending to establish the merits of any possible point on appeal. In fact, there was an absence of any allegation the dismissed appeal was arguably meritorious.

Upon this basis, it could be argued the motion is insufficient because it does not allege a factual basis to show counsel's deficiency prejudiced the movant as required by the two-component test for ineffective assistance enunciated by such cases as *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Burton v. State*, 641 S.W.2d 95 (Mo. banc 1982). This is a forceful argument founded in logic. It is consistent with the many decisions that hold appellate counsel is not ineffective because of failure to ad-

vance and brief points devoid of merit. *Harshaw v. United States*, 542 F.2d 455 (8th Cir.1976); *Cole v. State*, 553 S.W.2d 877 (Mo.App.1977); *Boyer v. State*, 527 S.W.2d 432 (Mo.App.1975).

However, a distinction has been recognized between ineffective assistance of counsel established by the inadequate presentation of an appeal and established by failure to take or perfect an appeal. The distinction is clearly analyzed and discussed in *Galloway v. Stephenson*, 510 F.Supp. 840 (D.C.N.C.1981).

The Supreme Court of the United States has held a refusal of appointed counsel to appeal, and the refusal of the court to appoint other counsel to perfect an appeal of right under state law to be a denial of Due Process. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). A denial of counsel for an indigent defendant for the perfection of an appeal of right under federal law has also been condemned as discriminatory. *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). In a recent case before that court, neither party challenged a district court's determination that counsel's failure to comply with a simple rule of appellate procedure resulting in dismissal constituted ineffective assistance. Under these circumstances, the court held the dismissal of the appeal of right under state law was a denial of Due Process. *Evitts v. Lucey*, —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In so holding, the court commented, "We therefore need not decide the content of appropriate standards for judging claims of ineffective assistance of appellate counsel. Cf. *Strickland v. Washington*, 466 U.S. ——, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984); *United States v. Cronic*, 466 U.S. —— [104 S.Ct. 2039, 80 L.Ed.2d at 657] (1984)." *Evitts v. Lucey*, supra, 105 S.Ct. at p. 833. No decision of the United States Supreme Court has been found holding the failure to take or perfect an appeal of right is per se ineffective assistance of counsel prohibited by the Sixth Amendment. However, in *Evitts*, in a footnote, the court observed:

In a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all. Cf. *Anders v. California*, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967); *Entsminger v. Iowa*, 386 U.S. 748 [87 S.Ct. 1402, 18 L.Ed.2d 501] (1967).

*Evitts v. Lucey*, supra, 105 S.Ct. at p. 835.

It has been so held in several decisions in the United States Courts of Appeal. "[I]t is not appropriate for the district court to consider the merits of the petitioner's appeal under the circumstances of this case. In situations where ineffective assistance of counsel deprives a defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal." *Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir.1981). Followed in *Hollis v. United States*, 687 F.2d 257 (8th Cir. 1982), cert. denied, —— U.S. ——, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). Also see *Lumpkin v. Smith*, 439 F.2d 1084 (5th Cir.1971).

At one time, a contrary result was reached in this state in *State v. Maness*, 408 S.W.2d 15 (Mo.1966). However, "[t]he requirement of Maness that a defendant denied counsel to assist in the filing of an appeal must demonstrate that there was error on the trial was held inconsistent with the federally protected right of an indigent defendant to counsel at all critical stages of a criminal proceeding in *Maness v. Swenson*, 8th Cir., 385 F.2d 943." *Ball v. State*, 479 S.W.2d 486, 488 (Mo.1972).

■ Further, after *State v. Maness*, supra, the Supreme Court of this state announced a different rule: "Furthermore, in this jurisdiction, if the defendant desires to appeal his conviction and his court-appointed counsel, without explanation, fails to take the proper and necessary steps to perfect the appeal 'such extraordinary inattention to client's interests (as to) amounts to ineffective assistance of counsel cognizable on motion to vacate.'" *Green v. State*,

451 S.W.2d 82, 85 (Mo.1970). For similar cases dealing with retained counsel see *Johnson v. State,* 458 S.W.2d 713 (Mo. 1970); *State v. Jones,* 446 S.W.2d 796 (Mo. 1969). This rule was recently applied in *Morris v. State,* supra.

The rule, however, should not be construed to require counsel to pursue every possible course of action or press every point on appeal even though the same is demanded by a defendant. Suggested guidelines and procedure for counsel are found in *Anders v. California,* supra; *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Also see *Commonwealth v. Moffett,* 383 Mass. 201, 418 N.E.2d 585, 15 A.L.R. 4th 566 (1981); *Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980); ABA Standards for Criminal Justice, 2d Ed., Standard 21–3.2.

It is not every failure by counsel to appeal or perfect an appeal that establishes ineffective assistance. *Brown v. State,* 512 S.W.2d 404 (Mo.App.1974); *Burns v. State,* 601 S.W.2d 633 (Mo.App.1980). In speaking of the dismissal of an appeal, "[i]t is only where the defendant in a criminal case wishes to appeal and his attorney either refuses or negligently fails to pursue the appeal that the question of ineffective assistance of counsel arises." *Stevens v. State,* 560 S.W.2d 599, 600 (Mo.App.1978).

Whether or not movant effectively determined to dismiss his appeal is a question of fact. *Goff v. State,* 612 S.W.2d 900 (Mo.App.1981). The judgment is reversed and the cause is remanded for an evidentiary hearing upon that issue of fact. If that issue is determined in favor of the movant, the motion court should vacate the sentence and resentence the defendant. The time for appeal will then run from the date of the resentencing. *Hollis v. United States,* supra, and *Green v. State,* supra. If that issue is determined adversely to the movant, the motion court may enter a judgment denying the motion.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.