Edwin L. WALKER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 36584.

Missouri Court of Appeals,
Western District.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 1, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Thomas J. Cox, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Thomas Carter II, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and PRITCHARD and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from the denial of post-conviction relief pursuant to a Rule 27.26 motion. The judgment is affirmed.

Movant presents four points, which in summary charge that the trial court erred in denying his request for post-conviction relief, because (1) the trial court failed to send notice to appellant of the specific date the court would rule whether an evidentiary hearing would be granted on movant's Rule 27.26 motion, and such failure denied movant his right to a change of judge, (2) the trial court ruled that movant was not entitled to an evidentiary hearing on his Rule 27.26 motion in that movant properly pleaded facts not refuted by the record, (3) the trial court overruled movant's motion for change of judge prescribed by Rule 51.05, and (4) the trial court should have granted movant's motion to set aside the judgment in the Rule 27.26 motion because movant had filed his motion for change of judge, and the trial court was without jurisdiction thereafter to rule on any matter in the case.

The present matter comes before this court on appeal from judgment denying post-conviction relief sought by movant pursuant to a Rule 27.26 motion. This court has been provided a copy of the guilty plea proceedings, along with a copy of the record extended upon sentencing. From these sources, the following pertinent facts are disclosed:

Movant and his wife (one of the victims) had been separated for approximately one week. On August 29, 1981, movant had a phone conversation with his wife, during which he learned that she was going to be at the "Smugglers' Inn" in Kansas City, Missouri, that evening. Movant proceeded to drink beer and whiskey that same day, and later obtained a hand gun (.38 caliber) from his mother's residence. He went to the Smugglers' Inn and as his wife was leaving the establishment, movant shot and seriously wounded her (after she entered an automobile). A friend of the wife (the other victim) hollered (after movant had wounded his wife) and movant turned around and shot and wounded the friend, one Joyce Darby.

By movant's own testimony, he stated that his intent to harm his wife had been formed about an hour prior to his shooting her. Movant was initially charged by indictment with two counts of assault, first degree, which were two Class A felonies. A subsequent plea agreement was reached. The plea agreement provided only that the state would amend, by information, and thus reduce both charges to Class B felonies, and there would be a pre-sentence report. The plea agreement also provided that the state would recommend incarceration of ten years on each count and that the state would oppose probation.

The trial court conducted a thorough and exhaustive inquiry regarding movant's plea of guilty. Movant was competently represented by both of his privately retained attorneys. The state fulfilled its part to the plea agreement. Sentencing was deferred pending completion of a pre-sentence report. Upon receipt of the report, a sentencing hearing was conducted and movant was afforded the opportunity to note any exception or to make what he thought were necessary corrections to the report. The court then entered sentences of ten years on both counts, said sentences to run consecutively.

Movant filed an initial Rule 27.26 motion, which was dismissed without prejudice. On October 4, 1984, movant filed the present Rule 27.26 motion. On November 19, 1984 (47 days after the filing of same), the trial court, without an evidentiary hearing, entered its findings of fact and conclusions of law and denied movant relief under his Rule 27.26 motion. Counsel for movant then filed a motion to set aside the trial court's judgment and a motion for change of judge. Both motions were overruled on December 10, 1984. This appeal followed.

Under his point (1), movant asserts that the trial court erred in not providing him notice that the court would rule whether an evidentiary hearing upon his Rule 27.26 motion would be granted. He further asserts that such failure by the trial court

denied him the right to move for a change of judge.

In support of his contention, movant relies upon *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977) and *Riley v. State*, 680 S.W.2d 956, 957 (Mo.App.1984). Neither of these authorities is applicable to the instant case. *Wheatley* ruled that once counsel for a movant had been appointed, the trial court should not summarily rule upon the motion where the motion is not sufficient. In *Wheatley*, the trial court summarily ruled (without notice) that the petition (i.e., the motion) was insufficient. The Missouri Supreme Court ruled that counsel should have the opportunity to amend the motion and that opportunity must be based upon timely notice to counsel. The initial ruling by the trial court in *Wheatley was not upon the merits of the case*, but rather upon the failure of the petition (i.e., the motion) to state a sufficient cause. *Wheatley* simply turned upon a different set of circumstances than the instant case. In the instant case, the trial court ruled upon the merits of the case. Movant's reliance upon *Wheatley* is simply misplaced.

Movant further relies upon *Riley v. State, supra.* In *Riley*, the court recognized *Wheatley* and went on to state that the timing of appointment of counsel was immaterial. In addition, the *Riley* court pointed out the importance of time for counsel and movant to meet and confer. It is noted that the dismissal in *Riley* was upon the failure of movant to plead facts rather than conclusions as required by Rule 27.26. The *Riley* opinion is important for another issue (herein, as will be observed infra), i.e., the disqualification of the trial judge. However, like *Wheatley*, *Riley* simply does not apply to the instant case and movant's reliance thereon is simply misplaced.

Contrary to movant's assertion and the undisclosed reasons of the dissent notwithstanding, the fact remains that Movant's point (1) in the instant case is ruled squarely by the rule announced in *Lang v. State*, 596 S.W.2d 739 (Mo.App.1980). The court in *Lang* acknowledged the rule in *Wheatley* and correctly ruled that *Lang* did not come within the *Wheatley* rule. The exact same rationale is applicable to the instant case.

*Wheatley* and *Riley* announced the rule that a trial court cannot, without timely notice, dismiss a motion (i.e., a petition) for failure to state a claim or for any other defect which, by amendment, could be corrected. *Lang* ruled, and correctly so, that the *Wheatley* ruling did not require notice where disposition of a movant's claim is or has been upon the merits and not a summary disposition for or upon a defect in presentment of the claim.

The *Lang* ruling is profoundly sound for two reasons. In the first instance, if notice is to be mandatory in all Rule 27.26 proceedings, as asserted by movant herein and supported by the dissent herein, for some unexplained reason, then the trial courts face an additional burden concerning their heavy dockets. Thus, disposition of Rule 27.26 motions is further delayed. Such a procedure and even worse, the unsound thinking which supports such an approach, will do nothing but add an additional and unnecessary burden upon the trial courts. In addition, if judicial expediency is not sufficient reason, then those who support the requirement of notice must face and answer the question: If the trial court has taken up and disposed of the Rule 27.26 motion upon the merits, wherein has the movant been prejudiced or denied due process? It is submitted that those who clamor for the mandatory notice in all cases *cannot*, with all honesty, ever answer the above question, that there has been either prejudice or a denial of due process.

*Wheatley* and *Riley* interpose a protection for movants and their counsel against a summary or even arbitrary dismissal of a motion (i.e., a petition) due to some defect therein which is subject to correction by amendment. Neither case addresses or certainly rules that notice is required when a motion has been taken up and disposition has been made upon the merits.

The Rule 27.26 motion was never intended to serve as a brief and temporary respite from incarceration, nor was it ever intended to become the vehicle for enter-

taining novel concepts spawned by persons with too little to do and too much time on their hands. The awareness by potential movants that they can engage the legal system without any penalty, and the like awareness that counsel is placed in the middle, has led the entire Rule 27.26 process to take on new meaning and has required the courts, both trial and appellate, to devote unwarranted amounts of time on matters which too often have no merit.

Movant herein was accorded due process and the disposition of his claim was upon the merits (more properly, the lack of merit) which was exactly what he was assured under Rule 27.26. What both movant and the dissent urge is an unnessary step and it does not create any more merit for such a position by merely suggesting a movant was denied due process. What both movant and the dissent either fail to recognize or choose to ignore is that under the facts and circumstances of the instant case, movant was accorded everything to which he was entitled. The Court of Appeals-Eastern District fully recognized the real issue and thus ruled it in *Lang, supra.* The instant case clearly comes within *Lang* and movant's point (1) is ruled against him because it is meritless.

■■■ Under his point (2), movant asserts that the trial court should not have accepted his guilty plea, because there was not a factual basis for same, particularly to wit, there was not a full hearing regarding the conducting of a mental examination of movant. The purpose of a Rule 27.26 motion review is to determine if the trial court's judgment was clearly erroneous. This case stems from the entry of guilty pleas to two charges by movant. This court must determine from the whole of the record whether the pleas were entered knowingly and voluntarily. All errors are waived upon an entry of a plea of guilty unless such errors disclose that the plea was entered unknowingly and involuntarily. *Chapman v. State,* 641 S.W.2d 428, 429 (Mo.App.1982).

■■■ Rule 24.02(e) requires a court to enter a guilty plea only upon the determination of a factual basis to support the

plea. Inquiry by the court as to the factual basis is sufficient and no express admission of guilt is required. *Row v. State,* 680 S.W.2d 418, 419 (Mo.App.1984). It is noted herein that movant made repeated voluntary admissions of his guilt during the trial court's inquiry, which upon the record clearly established a factual basis for acceptance of movant's pleas of guilty.

Movant bore the burden of proof to show that his pleas were not knowingly and voluntarily entered. Movant has failed to carry his burden of proof. *Small v. State,* 646 S.W.2d 903, 905 (Mo.App.1983).

In the hearing conducted relative to movant's guilty pleas, the trial court developed, from movant's testimony, that movant was not under the influence of alcohol or drugs, that he had ample opportunity to confer with his counsel, that he was greatly satisfied with their representation, that he was aware of the nature of the charges against him and the range of punishment, and that he suffered from no mental disease or defect. There is no merit to movant's contention that he was denied any constitutional protection, because the trial court did not conduct a hearing upon the mental examination of movant. Quite to the contrary, the record of the plea proceedings refutes any contention that movant suffered any mental disease or defect. The record clearly establishes that movant understood there was a waiver on his part of any insanity or mental defect defense. Such waiver was sufficient. *Stewart v. State,* 678 S.W.2d 439, 442 (Mo.App.1984).

In addition, the record clearly reveals that movant's pleas were knowingly and voluntarily entered. Even an insanity plea (which is not even applicable herein) may be waived by a knowing, voluntary guilty plea. *State v. Brown,* 449 S.W.2d 664, 666 (Mo.1970).

Further, the record of movant's pleas clearly reveals that the trial court examined the movant's mental state and no further hearing was warranted or required. Movant's further contention that his pleas were unknowingly and involuntarily made because he was not fully informed that his

sentences could run consecutively is also refuted by the record. The record shows that the trial court apprised movant that sentences could be consecutive, and the record discloses that movant responded by telling the court what the total number of years (30 years) could possibly be if the maximum sentences were imposed.

■ Movant's further contention that Rule 23.05 is unconstitutional is also meritless. Rule 23.05 provides that if two or more offenses are based upon the same acts or parts of the same transaction or parts of a common scheme or plan, then charges arising therefrom can be charged in the same information or indictment. The evidence of the offenses charged against this movant clearly reveals that the offenses were committed upon the same acts and part of the same transaction. Rule 23.05 is a procedural rule and does not change any substantive right of an accused as prescribed by Mo. Const. Article V, § 5. *Webb v. State*, 589 S.W.2d 89, 93 (Mo.App. 1979). The trial court did not err in its denial of an evidentiary hearing because appellant merely pleaded facts clearly refuted by the record.

In disposition of movant's point (3), it is not necessary to again set forth the chronology of events, as the same are to be found above in the statement of facts.

Movant's motion for change of judge was untimely and his assertion that such a request which accompanied his first Rule 27.-26 motion remained viable and applicable has no merit. His first Rule 27.26 motion was dismissed without prejudice and all matters contained therein did not survive in this, his subsequent Rule 27.26 motion, without movant's having refiled his motion for change of judge. *Newman v. State*, 481 S.W.2d 3, 5 (Mo.1972). Movant did not timely request a change of judge as required by Rule 51.05.

Movant's point (4) charges that the trial court was without jurisdiction. Movant's challenge to the trial court's jurisdiction rests solely upon the validity of his motion for change of judge. The filing of the motion for change of judge, having been filed after judgment, was not timely and

hence did not comply with Rule 51.05. Movant's argument that because he did not receive notice, [considered under his point (1)] his motion for change of judge was timely is equally meritless. It has been noted that under the facts and circumstances herein, the trial court was not required to provide notice. It cannot follow that the motion for change of judge filed after judgment was timely.

What this Rule 27.26 motion and this appeal suggest is the dissatisfaction of movant in his having received consecutive sentences. This state of mind has possibly been emphasized by his continual incarceration and possibly through the encouragement of his fellow inmates. It may stem in part from the "awareness" suggested above. This court will perhaps never know. The fact remains that movant entered his pleas of guilty to two separate reduced charges in a knowing and voluntary manner. The prosecution kept its part of the bargain. In addition, movant was at all times represented by competent counsel who, even by movant's own statements, did a fine job in representing his interests. Movant knew that the court was not bound by any recommendation regarding sentence and the trial court, prior to sentencing, secured from movant his awareness that his sentences could be consecutive. The sentences imposed were well within the range of punishment permissible under our law.

A Rule 27.26 motion and all proceedings relative thereto are designed to insure that an accused was afforded fair and constitutional treatment regarding the disposition of criminal charges lodged against him. The Rule 27.26 proceedings are not intended or designed to afford relief upon some subsequently and unfounded concocted deprivation of fairness and constitutional protection.

The record herein clearly establishes that the trial court correctly denied movant's request for post-conviction relief upon the face of the record. Movant's own testimony disclosed how, with intent, purpose and design, he sought out his wife and shot her

along with the second victim. The record reveals that movant was not suffering from any mental disease or defect and that he knowingly and voluntarily entered his pleas of guilty solely upon his own acknowledgment and admission of his guilt. Movant's unhappiness with having to meet the requirements of his incarceration are far from sufficient grounds to afford him relief pursuant to Rule 27.26.

The judgment of the trial court is *not* clearly erroneous and it is in all respects affirmed.

LOWENSTEIN, J., concurs.

PRITCHARD, J., dissents in separate dissenting opinion.

PRITCHARD, Judge, dissenting.

I dissent from the opinion filed herein upon the ground that the precedents, *Wheatly v. State,* 559 S.W.2d 526 (Mo. banc 1977), citing and quoting *Hoppe v. St. Louis Public Service Co.,* 235 S.W.2d 347, 350 (Mo. banc 1950); and *Riley v. State,* 680 S.W.2d 956 (Mo.App.1984), require a notice of a hearing, with opportunity of counsel, and the client, if necessary, to be present and be heard. It makes no difference whether counsel was appointed, or as here, was privately retained. In Riley, at page 958[2], it was said, "The better procedure in a Rule 27.26 proceeding is for the trial court, after movant has obtained *either retained* or appointed counsel, to give written notice of its intention to rule on a specific date on the issue of whether an evidentiary hearing will be granted. The time period allotted should be commensurate with the time necessary for movant's counsel to confer with his client and to amend the petition in a lawyer-like manner." [Italics added.] In this case movant was incarcerated in the pentitentiary, and counsel should have been notified of a hearing date to give him sufficient opportunity to confer with his client, and have him present at a hearing and to amend the motion if necessary. Such procedure would accord with the minimum requirements of due process of law.