**Alvin MITCHELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54047.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 5, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 1988.

Application to Transfer Denied
Sept. 10, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

DOWD, Judge.

Alvin Mitchell, hereinafter movant, appeals from an order dismissing his Rule 27.26 motion with prejudice without notice or a hearing for failure to prosecute his claim.

Movant was convicted by a jury on April 2, 1982 of second degree burglary. He was sentenced to 15 years in the Missouri Department of Corrections and Human Resources. This court affirmed movant's conviction in State v. Mitchell, 651 S.W.2d 637 (Mo.App.1983).

On September 2, 1983, movant filed *pro se* a motion to vacate judgment pursuant to Rule 27.26 alleging ineffective assistance of counsel, together with motions for a prompt hearing and for disqualification of judge. The Honorable Thomas Challis sustained the disqualification of judge motion and subsequently the cause was assigned to the Honorable James S. Corcoran.

On October 7, 1983, the Circuit Court appointed Jane Phillips, Assistant Special Public Defender, to represent movant in relation to his Rule 27.26 motion. Thereafter, on September 15, 1986, Janis C. Good, Assistant Special Public Defender, entered an appearance as counsel on behalf of movant. Then, on January 6, 1987, while still being represented by counsel, movant filed *pro se* an amended motion supplementing his prior motion with the claim that the trial court erred by allowing substantive trial proceedings to occur outside his presence in violation of his constitutional right to due process of law.

On September 25, 1987, the Circuit Court, without having held an evidentiary hearing, entered an order dismissing movant's Rule 27.26 motion for failure to prosecute. Movant appeals raising two points. We modify and affirm.

■ First, movant claims that the trial court erred by failing to make findings of fact and conclusions of law as required by Rule 27.26(i), thereby violating movant's rights to due process because without findings of fact and conclusions of law, an appellate court cannot make a proper review.

While Rule 27.26(i) calls for findings of fact and conclusions of law on "all issues presented to the court," the trial court found that no issue was properly presented as the trial court ordered the motion to be dismissed on a procedural ground. With such an order, no requirement exists to issue a findings of fact and conclusions of law on the merits.

■ Dismissal orders are subject to their own standards of review on appeal, See Mills v. Berry, 395 S.W.2d 228 (Mo.App. 1965), and any findings of fact and conclusions of law would not benefit such review. Thus, due process of law has not been violated. Further, where movant and his counsel were afforded over 45 months in which to prosecute movant's claim, the dismissal for failure to prosecute was not inconsistent with the exercise of sound judicial discretion.

Movant's final point on appeal claims that the trial court erred by not affording movant's counsel with notice of its intention to dismiss movant's motion without an opportunity to be heard, thereby denying movant due process of law.

■ We agree with the general rule that whenever a party's rights are affected by a motion in court, that party should be notified, so that he may appear for his own protection. The Missouri Supreme Court upholds this proposition in Wheatley v. State, 559 S.W.2d 526 (Mo. banc 1977). The Wheatley court concluded: "[T]he orderly way to proceed consistent with due process ... was to notify counsel of the court's intention to rule on the matter at a time certain, which the court could easily have done, and permit counsel an opportunity to be heard...." Wheatley at 527. The Wheatley ruling, however, does not apply to this case.

This court in Lang v. State, 596 S.W.2d 739 (Mo.App.1980), refused to extend the Wheatley notification ruling to require the court to notify counsel of any and all fu-

ture actions it may take in disposing motions. The *Lang* court reasoned that: "Unless legal sufficiency, i.e., failure to state a claim, is the grounds for dismissal of defendant's motion, notice to counsel that the court will deny the motion could serve no purpose.... [Thus,] notice may be required only in instances where it would serve some purpose." *Lang* at 741.

■ In the case at bar, notice of intent to dismiss would have served no purpose because the trial court had already come to the discretionary conclusion that movant failed to prosecute his claim with due diligence.

The cases movant cites in support of the requirement of notice are all motions decided on the merits. *See, e.g., Riley v. State,* 680 S.W.2d 956 (Mo.App.1984). Since the case at bar does not involve an order on the merits, we do not find such cases on point.

■ While it was proper to dismiss such an action without notice or an opportunity to be heard, we are compelled to modify the order to read without prejudice. The trial court's dismissal is effectively with prejudice as it did not "otherwise specify." Rule 67.03. Such dismissals operate as a final judgment on the merits. *Parker v. Lowery,* 446 S.W.2d 593 (Mo.1969).

In order to comply with due process, notice and an opportunity to be heard must be given before a judgment of dismissal for failure to prosecute can operate as an adjudication on the merits, not withstanding a dismissal for failure to appear. *Bindley v. Metropolitan Life Insurance Co.,* 258 Mo. 31, 213 S.W.2d 387, 390 (1948). No notice or opportunity to be heard was given here. Thus, we must modify the order to specify without prejudice.

The judgment is amended to include the following: "IT IS FURTHER ORDERED that this dismissal be without prejudice." As so amended the judgment is affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.