**Randle CHATMAN, Jr.,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

**No. 55198.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 8, 1989.

Application to Transfer Denied
April 18, 1989.

Ilene A. Goodman, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pleaded guilty to first degree robbery, § 569.020, RSMo 1986. The trial court, in accordance with a plea agreement, sentenced movant to twelve years' imprisonment. On February 11, 1988, movant filed a pro se Rule 24.035 motion in which he raised several claims of ineffective assistance of counsel. On March 22, 1988, he filed an amended motion wherein he requested the appointment of counsel; that same day, counsel was appointed.

On May 23, 1988, movant's counsel requested an evidentiary hearing and filed an *unverified* first amended motion alleging that movant's guilty plea was involuntary due to the ineffective assistance of his trial counsel. On May 24, 1988, the state filed a motion to dismiss alleging that the files, "including the plea transcript," conclusively show movant is not entitled to relief. On June 14, the motion court issued detailed findings of fact and conclusions of law denying movant's first amended motion without an evidentiary hearing.[1] The

1. Although unverified, the court considered the motion.

court concluded movant's claims were refuted by the record and that no hearing was necessary.

■ On appeal, movant's principal complaint is that the motion court erred in finding, without an evidentiary hearing, that his trial counsel was not ineffective for failing to contact and interview his co-defendant, who movant claims would have exonerated him.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Richardson,* 719 S.W.2d at 915–16.

To be entitled to an evidentiary hearing on his motion for postconviction relief, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

At movant's plea hearing, the prosecutor stated that the evidence against movant would show the following: The victim had just come from a money exchange and was going toward her car when movant and another man who had a sawed-off shotgun approached her and ordered her into her car; all three got into the car; the two men threatened to shoot her if she moved and ordered her to drive away; while she was driving they took her ring, money and credit cards; four blocks from the point of abduction the men ordered her to stop the car, took her keys, and then exited the car; about two weeks later, the victim saw movant at another location, contacted the police and, in a photo array, identified movant as one of the robbers; the police found movant hiding in the upstairs of a house in which they had been told he could be found; at a line-up, the victim again identified movant as one of the robbers. The prosecutor also stated into the record that movant's previous criminal record was as follows: Movant was convicted of robbery in the first degree in 1972, pleaded guilty to operating a motor vehicle without the owner's consent in 1972, and pleaded guilty to robbery in the first degree in 1975.

Movant's claim that his counsel was ineffective is clearly refuted by the record. He admitted in court the accuracy of the prosecutor's statements of the facts of the crime charged and his prior criminal record. He also testified that his attorney had done everything he had asked him to do.

Movant's prior criminal record shows his familiarity with criminal court proceedings and procedures, including those involving pleas. The record reveals he entered his plea in exchange for a 12 year sentence. As part of the plea agreement for this reduced sentence, he disclosed to the court the name of his cohort.

We agree with the court that movant was not prejudiced by any act or omission of his trial counsel. The findings and conclusions of the motion court are not clearly erroneous and the court properly denied movant's motion without an evidentiary hearing.

■ In movant's final point he claims:

The trial court clearly erred when it failed to give [movant] notice, within fifteen days after an amended motion was filed pursuant to Supreme Court Rule 24.035(g), whether or not the court would grant an evidentiary hearing and the court's failure to follow the rule denied [movant] notice of the court's intention to rule on the motion and an opportunity to be heard before denying the motion, thereby denied [movant] of his Fifth and Fourteenth Amendment rights to due process of law.

Movant cites Supreme Court Rule 24.-035(g), *Mills v. State,* 723 S.W.2d 71 (Mo.

App.1986), and *Riley v. State,* 680 S.W.2d 956 (Mo.App.1984), in support of this point.

Rule 24.035(g) provides:

A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed. Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing. If no request for hearing is timely filed or if the motion and the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. If a hearing is ordered, it shall be held within sixty days of the date of the order granting a hearing.

*Mills* and *Riley* were cases arising under former Rule 27.26. In both cases no evidentiary hearing was held and the court dismissed the motion without giving the movant's attorney prior notice that the court was ruling on the motion. Reversing the court in *Riley,* we stated:

The better procedure in a Rule 27.26 proceeding is for the [motion] court, after movant has obtained either retained or appointed counsel, to give written notice of its intention to rule on a specific date on the issue of whether an evidentiary hearing will be granted. The time period allotted should be commensurate with the time necessary for movant's counsel to confer with his client and to amend the petition in a lawyer-like manner. Oral argument should be accorded to the parties if requested, consistent with local court rules. This would ensure an orderly procedure consistent with due process.

*Riley* at 958.

The genesis for the holdings of *Mills* and *Riley* is the Supreme Court case of *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977). There the court reversed and remanded where the motion court had summarily denied the Rule 27.26 motion without giving counsel notice and an opportunity to be heard.

The Supreme Court of Missouri repealed Rule 27.26 effective January 1, 1988, and adopted in lieu thereof Rules 24.035 (guilty plea) and 29.15 (trial). The court was fully cognizant of the constitutional rights of prisoners, the tremendous burden placed on the court system by Rule 27.26 motions, and the caselaw elaborating Rule 27.26 when it changed the rule. One of the primary reasons for the adoption of the new rules is to provide an orderly and efficient procedure for handling postconviction relief motions which is consistent with due process. The new rules establish detailed procedures and impose time constraints.

*Rule 24.035(g) serves as notice to a movant that the court is going to rule on his motion for an evidentiary hearing within 15 days after a verified amended motion is required to be filed.* This rule embodies the due process protections formerly provided Rule 27.26 movants by caselaw in decisions such as *Wheatley, Mills* and *Riley.*

Movant would compel the court to serve an additional notice of the specific time within the 15 day period it will decide whether to hold an evidentiary hearing. We believe the responsibility for being heard within the 15 day period is upon the movant. Here, movant requested an evidentiary hearing. The state responded that none was required because "the motion, the file and this review of the case, including the plea transcript, conclusively show movant is not entitled to relief. See Rule 24.035(g),...." Movant made no request to be heard on his motion for an evidentiary hearing. The court entered its findings and conclusions of law within the time required by Rule 24.035.[2] Movant's final point is without merit.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., Concur.

---

2. The only time constraint the court violated     was the requirement that it rule on the motion

for an evidentiary hearing within 15 days after the amended motion was required to be filed.

Movant suffered no prejudce.