**STATE of Missouri, Respondent,**

v.

**Gary Leonard WEATHERSPOON, Appellant.**

**Gary Leonard WEATHERSPOON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 54325, 55844.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Joseph W. Downey, Public Defender, Lisa K. Clover, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Gary Leonard Weatherspoon, was convicted, after a jury trial, of rape and armed criminal action. On January 22, 1988, he was sentenced to consecutive terms of 20 years and life in the Missouri Department of Corrections. The appeal from these convictions was stayed because movant filed a motion for post-conviction relief pursuant to Rule 29.15 on May 27, 1988. The present appeal is a consolidation of both matters.[1] On June 7, 1988, State filed a motion for summary judgment. The motion court sustained the motion for summary judgment and denied movant's Rule 29.15 motion without an evidentiary hearing on October 28, 1988. We affirm.

Movant first claims that he was not given notice of the trial court's intention to rule on movant's motion and that he was, thereby, denied his opportunity to amend the motion.

Rule 29.15(g) provides:

Request for Hearing, Time for filing—Hearing, Not Required, When—Time Hearing to be Held. A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed. Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing. If no request for hearing is timely filed or if the court shall determine the motion and the files and records of the case conclu-sively show that the movant is entitled to no relief, a hearing shall not be held. If a hearing is ordered, it shall be held within sixty days of the date of the order granting a hearing.

Rule 29.15(g) serves as constructive notice to a movant that the court is going to rule on his motion for an evidentiary hearing within 15 days after the verified amended motion is required to be filed. *See Chatman v. State,* 766 S.W.2d 724, 726 (Mo. App.1989) [construing Rule 24.035(g) which is an identical provision to Rule 29.15(g)]. This rule embodies the due process protections formerly provided Rule 27.26 movants by case law. *Id.* A verified amended motion is required to be filed within 30 days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. Rule 29.15(f). Movant's second appointed attorney entered her appearance on May 27, 1988. Giving movant the benefit of starting the Rule 29.15(f) 30-day time clock on May 27, 1988, movant's verified amended motion was required to be filed by June 27, 1988, because June 26, 1988, fell on a Sunday. Movant failed to file an amended motion by that date. Movant also failed to seek an extension of time to file such an amended motion pursuant to Rule 29.15(f). Under Rule 29.15(g) it is clear that movant had constructive notice that the court would rule on his motion for an evidentiary hearing by July 12, 1988.

In addition to constructive notice, movant was given actual notice of the trial court's intention to rule on his motion when the State filed its motion for summary judgment. This pending summary judgment motion could have been ruled on by the motion court at any time. Obviously, if the court granted the State's summary judgement motion, movant's motion for an evidentiary hearing would become moot. Further, movant made no request to be heard on his motion for an evidentiary hearing. *See Chatman,* at 726. Movant's point is denied.

---

1. We dismiss movant's direct appeal in Cause No. 54325 for failure to file a brief in accord-ance with Rule 84.05(a).

█ Movant next contends that the motion court's findings of fact and conclusions of law do not address all issues raised by movant's motion. Specifically movant alleges that the motion court failed to address movant's contention that counsel at sentencing was ineffective because he did not adequately inform the court that the court could run movant's sentences concurrently.

While the motion court did initially state in its findings of fact that movant raised "one singular issue," the final paragraph of the motion court's order demonstrates that the motion court did consider all issues raised by movant's motion. The motion court addressed and rejected movant's claims by ruling "having considered each of movant's points and finding them to be meritless, the court denies movant's request for an evidentiary hearing, overrules his motion under Rule 27.26/29.15, and sustains the State's Motion for Summary Judgment."

We agree that some of movant's claims were not addressed in the detail contemplated by the Rule 29.15(i), however, there was no prejudice. We have reviewed the issues that movant claims the motion court overlooked and find as a matter of law that movant is not entitled to relief. A remand for findings and conclusions is therefore unnecessary. *See Guyton v. State,* 752 S.W.2d 390, 392 (Mo.App.1988). Movant's point is denied. The judgment of the trial court is affirmed.[2]

REINHARD and CRIST, JJ., concur.

---

**2.** Movant's complaint that the motion court failed to rule on his motion within 30 days of submission, as required by Rule 29.15(i), is denied. Since movant does not allege any prejudice, he is not entitled to relief.