James CHUNN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18940.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 2, 1994.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant James Chunn appeals from an order dismissing, without notice or hearing, a proceeding brought by him under former Rule 27.26.[1] The motion challenged the validity of movant's convictions and sentences for burglary and stealing. On direct appeal, this court affirmed the convictions. *State v. Chunn*, 701 S.W.2d 578 (Mo.App.1985).

Movant contends that the trial court erred: (1) in dismissing his Rule 27.26 motion for failure to prosecute "in that there was no evidence of active participation by motion counsel, as required by Rule 27.26(h), and there was no notice to movant prior to the motion court dismissing his Rule 27.26 motion"; (2) "in failing to enter specific findings of facts and conclusions of law denying movant's motion for post-conviction relief, ... thus leaving nothing for this court to review." Movant's second contention is raised "in the alternative" to his first contention. The state's brief, with commendable candor, concedes that movant's first contention is meritorious.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987), was repealed effective January 1, 1988, by order of the Supreme Court of Missouri, pp. XXV–XXXVII, vol. 721–722 S.W.2d, Missouri Cases. The repealed rule was superseded by Rules 24.035 and 29.15, which took effect January 1, 1988, pp. XXV–XXXVII, vol. 721–722 S.W.2d, Missouri Cases.

On June 26, 1986, movant filed a pro se motion pursuant to Rule 27.26. Several different attorneys were appointed successively to represent movant, but no amended motion was filed. The record does not show the reason why an amended motion was not filed. On June 1, 1993, the trial court dismissed the proceeding for failure to prosecute. Neither movant nor his attorney was given notice prior to the entry of the order of dismissal.

In *Wallace v. State,* 758 S.W.2d 211 (Mo. App.1988), a similar situation arose. Citing *Mitchell v. State,* 755 S.W.2d 665 (Mo.App. 1988), and *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977), the court of appeals upheld the claim of movant Wallace that he was denied due process of law when the motion court dismissed his Rule 27.26 motion on its own motion, without prior notice to movant or counsel. At p. 212 the court said: "In view of the Rule 29.15 time limitations on refiling a Rule 27.26 motion, we exercise our discretion and reverse and remand in order that movant may pursue his Rule 27.26 motion."

Rule 27.26(h), now repealed, placed upon counsel the duty to ascertain from the prisoner the facts supporting the grounds asserted in a pro se motion filed by the prisoner and to file an amended motion if those facts were not sufficiently stated in the pro se motion. Under that rule, counsel also had the duty to ascertain from the prisoner whether he had included all grounds known to him for attacking the judgment and sentence and, if not, counsel was required to file an amended motion which also sufficiently alleged any additional grounds and the facts in support thereof.

The modern counterpart to Rule 27.26(h) is Rule 29.15(e). With respect to Rule 29.15(e), in *State v. Robertson,* 816 S.W.2d 952, 954 (Mo.App.1991), this court said:

> Where, as here, the record does not show whether appointed counsel made the determinations required by Rule 29.15(e), the presumption is that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, that determination should be made a part of the record. If there is no record of activity by counsel on movant's behalf, the motion court must make an inquiry regarding the performances of both movant and counsel. If the failure to file the amended motion is due to movant's negligence or intentional failure to act, movant is entitled to no relief other than that which the pro se motion may afford. If the court finds that the failure to file the amended motion is the fault of counsel, the court shall appoint new counsel and shall allow time to file an amended motion, if necessary, as permitted by Rule 29.15(f).

*State v. Bradley,* 811 S.W.2d 379, 385 (Mo. banc 1991); *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991); *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991); *Soto v. State,* 813 S.W.2d 126 (Mo.App.1991).

This court holds that movant's first contention is valid. This holding makes movant's second contention moot.

The order of June 1, 1993, is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion, including an inquiry into whether counsel failed to comply with Rule 27.26(h). If the failure to file the amended motion was due to movant's negligence or intentional failure to act, movant is entitled to no relief other than that which the pro se motion may afford. If the court finds that the failure to file the amended motion is the fault of counsel, the court shall appoint new counsel and shall allow time to file an amended motion, if necessary. It is so ordered.

CROW and GARRISON, JJ., concur.