**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Frank John B. BAGLEY,
Defendant/Appellant.**

No. 53779.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Stormy B. White, Asst. Public Defender, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

Defendant, John Bagley, was found guilty by a jury and sentenced to imprisonment by the court as a prior offender on the charge of stealing over $150, a class "C" felony. Section 570.030 RSMo 1978. The indictment alleged defendant, between February 1, 1984 and October 31, 1984, appropriated money from named individuals by deceit consisting of "soliciting participation of victims' children in a beauty pageant and requiring the victims to pay entrance and ticket fees ... all the while defendant planned no pageant would take place."

Defendant appeals claiming: (1) the state failed to prove an essential element of the charged crime, intent to defraud or deceive; (2) the state was improperly allowed to offer evidence that defendant was previously convicted of a misdemeanor crime after a nolo contendere plea in the state of Texas; (3) the state was improperly allowed to argue facts not in evidence, particularly, the Texas charge and conviction related to a promised beauty pageant which was not held; and, (4) the court erred in two instructions: (1) Instruction 8, patterned after MAI–CR 3d 310.12, which authorized the jury to consider the Texas conviction as proof of intent or for impeachment; and, (2) Instruction 5, the verdict directing instruction, for failure to require the jury to find false representations were knowingly false when made.

The background facts necessary for understanding this appeal, facts in evidence, involve a promised beauty pageant to be held in St. Louis, Missouri in mid-August 1984.

Judith Dommergue was recruited as the pageant director. Ramona Lightcap was recruited as assistant director. Their first duties were to advertise for and screen applicants. They undertook to perform those duties. In the summer of 1984, they met defendant when he came to St. Louis to assist and instruct them. His instruction consisted of advice in interviewing contestants and collection of fees. A total entry fee was $180 and defendant requested one half "up front." Contestants also purchased tickets for their guests. The monies received were mailed to defendant's office. As the date approached Dommergue and Lightcap were told they did not have enough contestants and the pageant must be postponed. Thirty contestants had been recruited. The pageant was rescheduled for October. By then, fifty-six contestants were registered and more were expected. Ms. Dommergue then learned from contestants, not from defendant, the pageant had been cancelled.

On October 6, 1984, Dommergue called defendant's office to obtain some explanation about the possibility of cancellation. She was told there was no cancellation. This information conflicted with notification letters that had been sent directly to the contestants. After seeing a cancellation letter Ms. Dommergue contacted defendant and learned from him that the St. Louis Pageant had been cancelled, moved to Kansas City and would be held in January, 1985. No pageant was ever held and no refunds were made.

Many of the arrangements for the August 1984, pageant were made in the name

of or on behalf of International Pageants Corporation [Miss America International Pageants Inc.]. Apparently this was a California Corporation. It was never qualified in Missouri. However, defendant "ran the pageant." He appeared in St. Louis only one time for a period of two days. Fifty-six contestants paid half or better of their pageant monies. Many also purchased tickets for family, friends and sponsors. Most of the money was mailed to the company but on one occasion defendant received money from Ms. Lightcap at her home.

Defendant's explanation for rescheduling the beauty pageant was that it could not be held unless there was a minimum of seventy-five contestants. This explanation was not made in the beginning. It was first mentioned when notice of rescheduling was given in early August 1984.

Ms. Dommergue testified she worked for defendant and Miss America International Pageants Inc. She and her assistant were to be paid in commissions. Ultimately, she and Ms. Lightcap were paid $600 between them.

Before addressing the issues presented to this court we review defendant's motion for new trial for the purpose of illustrating what claims of error are preserved, if any. The motion addressed the following to the trial court in an effort to obtain a new trial:

1. Because the Court erred in presenting [sic] counsel for the Plaintiff, in his opening statement, to place before the jury and [sic] alledged [sic] judgment of the State of Texas wherein this Defendant had been found guilty in that state in a similar case or to the one he's been tried before this Court.

2. Because the Court erred in refusing Defendant's Motion for a Direct Verdict for the Defendant at the close of Plaintiff's evidence, for;

(a.) All the Plaintiff's witnesses testified that they paid their money to the International Pageant Company of the State of California and presented their cancelled checks in proof of same.

(b.) The Corporation is not before the Court as a Defendant.

(c.) Defendant was not allowed to state to the jury that the Corporation had filed a Chapter 7 in Bankruptcy.

3. Because the verdict was against the evidence, for;

(a.) There was no evidence before the jury that this Defendant owned the International Pageant Corporation or that he was an officer of such corporation.

Appellant counsel, not trial counsel, first claims the state failed to make a submissible case because (a) there was no evidence of intent to defraud or deceive. This claim of error was not presented to the trial court. Accordingly, it is reviewable only as plain error. Rule 30.20. As a matter of preserved or plain error it is without merit.

■ A directed verdict of acquittal is authorized only where there is no evidence sufficient to support a guilty verdict. The function of the court is "limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged." *State v. Briggs*, 740 S.W.2d 399, 401 (Mo. App.1987). In evaluating this issue the trial court and this court must "view the evidence and all of its reasonable inferences in the light most favorable to the state, disregarding any evidence or inferences to the contrary." *State v. Bullington*, 684 S.W.2d 52, 57 (Mo.App.1984).

■ In the present case all the elements of the charged crime were proven by direct evidence except the element of intent to defraud or deceive. This element was proven, if at all, by circumstantial evidence. Defendant argues the evidence viewed in light of these rules was insufficient to find defendant intended to deceive or made representations which were false when made. Subjective intent is usually not supported by direct proof, and it may be proven by circumstantial evidence. *State v. Inscore*, 592 S.W.2d 809, 811 (Mo. banc 1982).

■ The state contends it proved false statements and intent to deceive with sufficient circumstantial evidence. First, the state relies on evidence that the August 1984, pageant was twice postponed, moved to Kansas City and never held. In connec-

tion with the postponements and cancellation there was evidence the decision to postpone was made on the basis of a limitation relating to minimum number of contestants. However, this limitation was not disclosed to local agents until the arrangements were well developed. It first was mentioned after defendant obtained funds from contestants based upon a promised mid-August pageant. Failure to inform the local representatives of the limitation supports an inference that defendant intended to continue the scheme for as long as feasible but never intended to hold the pageant.

Second, defendant was involved as a principal in the arrangements and production of the pageant. A corporation, Miss America International Pageant Inc., was utilized for some purposes by defendant. There was no evidence that such corporation ever legally existed. If it did it was a California corporation, or, had offices in California. There was evidence it was never qualified under § 351.570 RSMo 1986 as a foreign corporation to do business in Missouri. Because compliance with registration by a foreign corporation offers information relating to the responsible parties doing business as a foreign corporation the absence of registration permits an inference that the failure of defendant, or others working for him, to register the corporation was circumstantial proof that statements made to contestants were untruthful and that there was no intent when the statements were made to hold the promised pageant.

Third, there was evidence that when defendant was in Missouri he was hesitant or unable to answer specific questions regarding details of the pageant. He was nervous and unable to answer even simple questions about arrangements. This evidence supports an inference that defendant did not intend to hold the pageant in Missouri as promised.

Fourth, cancellation without explanation or refund of deposits made by contestants

is itself evidence supporting an inference that no pageant was intended.

Finally, there is evidence that defendant was involved previously with a promised beauty pageant in Texas which was not held and where no refunds were made to contestants. State offered Exhibit 13 consisting of a Texas indictment for felony stealing, accompanied by a judgment and sentence on a reduced charge of theft, a class "A" misdemeanor. In addition, the defendant testified and acknowledged that the circumstances surrounding the Texas charge, nolo contendere plea, conviction and sentence involved a beauty pageant promised but not held.[1]

■ Exhibit 13 was admitted over a relevancy objection. The objection actually was "it doesn't declare what it's about." The state justified the exhibit and the court accepted the exhibit on the basis that it was proof of intent because it related to similar events in 1982. The events charged in this case occurred in 1984. Both involved obtaining funds from contestants on the basis of a promised beauty pageant which was never held. In summary, the objection at trial was that the exhibit "shouldn't be in evidence" because it was not possible to know what happened there. This objection was fully satisfied by defendant's subsequent testimony. His testimony supplied all the facts necessary to find the Texas and Missouri acts were very similar. Exhibit 13 proved the Texas conviction. Evidence of convictions for similar offenses can establish a defendant's intent to steal by deceit. *State v. Thurman*, 692 S.W.2d 317, 318–19 (Mo.App.1985).

We conclude that collectively the evidence noted was sufficient to submit the issue of intent to the jury. Point one denied.

■ Defendant also claims a right to new trial because the court permitted Exhibit 13, as evidence of another crime, in evidence. This claim of error fails. Evidence of other crimes is admissible "where

---

**1.** There is evidence that the defendant subsequently held a different beauty pageant in Texas.

it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial." *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983). Particularly, evidence of convictions for "similar offenses" may be introduced to demonstrate a defendant's intent in prosecutions for stealing by deceit. *State v. Thurman*, 692 S.W.2d at 319. Here, Exhibit 13 indicated on its face that it was brought on the complaint of Consumer Fraud Agency in Harris County, Texas. It addresses "one scheme and continuing course of conduct." Defendant's subsequent testimony further connected the felony charge, an amended information, a nolo contendere plea to the amended charge as a misdemeanor and the conviction with a failed beauty pageant enterprise. This evidence was relevant on the issue of intent.

No objection was made in the trial court nor is there a contention in this court that Exhibit 13 was more prejudicial than probative. Further, defendant's testimony fully explained the circumstances and no prejudice affecting the guilty verdict has been shown from admission of the exhibit. Finally, this claim of error is reviewable only as Rule 30.20 plain error. It was not preserved in defendant's motion for new trial. We find no error, plain or otherwise.

Defendant's third claim of error relates only to closing argument by the state. Defendant argues the state was improperly allowed to argue facts not in evidence consisting of statements that defendant arranged a beauty pageant in Texas and then cancelled the pageant without refunding contestants' money. We have already noted that defendant's testimony was sufficient to support this argument in regard both to the issue of intent and defendant's credibility after he elected to testify. Defendant contends that his testimony referred to a beauty pageant which was held. The answer to that contention is, on cross examination, defendant acknowledged he went back to Texas "again" and put on a pageant. This was after he was charged, convicted, sentenced and served part of the sentence. The jury was entitled to believe that the original pageant was never held.

Accordingly, closing argument of the state was supported by the evidence. Our review is limited to Rule 30.20 plain error. No objection was made to the argument nor any reference to this claim in defendant's motion for new trial. However, we find no error, plain or otherwise.

Next, defendant claims that Instruction No. 8, submitting other offenses by defendant to show intent, and, for impeachment purposes because defendant testified, was improperly given. Instruction No. 8 followed MAI–CR 3d 310.12. No objection was made to the instruction nor was it mentioned in defendant's motion for new trial. Here also our review is limited to plain error. Rule 30.20. However, we find no error plain or otherwise for the reasons previously discussed regarding evidence of the Texas conviction on the issue of intent and notice that defendant did testify. Point denied.

█ Finally, defendant claims the state's verdict directing instruction on the charge, Instruction 5, failed to submit all the elements of the crime. The instruction, modeled on MAI–CR 3d 304.04 and MAI–CR 3d 324.02.2 submitted:

"Third, that such representations were false, and

Fourth, that defendant knew such representations were false, and"

when defendant contends it should have submitted:

"Fourth, the defendant knew *at the time* such representations were made, that such representations were false, and. . . ." (Our emphasis).

This claim of error is original on appeal. No objection was made to the instruction nor was it a subject of defendant's motion for new trial. Again we review only for plain error. Rule 30.20. We find no error, plain or otherwise. First, the instruction as submitted conformed with the provisions in MAI–CR 3rd on the charged crime.

When a MAI instruction is applicable, its use is mandatory. Rule 28.02(c). The only substitutions were the word "representation" for the word "statement" and the verb "were" for "was." Also, paragraph Fourth, as submitted, required the jury to find defendant knew the representations made to the contestants were false. It submitted the disputed issue of fact. It did not lessen the state's burden of proof. Defendant has not shown the jury was confused by omission of the phrase "at the time." The verdict directing instruction submitted the charged crime; it did not misstate the law; it did not mislead the jury; and, most importantly, it did not omit the requirement the jury find intent. There was no manifest injustice in submitting Instruction 5. Point denied.

Affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.