**Charles LOEWE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55634.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Charles Loewe, appeals the dismissal of his Rule 29.15 motion without an evidentiary hearing. Defendant was convicted of two counts of first degree assault, RSMo § 565.050 (1978), for which he was sentenced to two consecutive twenty-five year terms of imprisonment. Movant's convictions were affirmed on direct appeal. *State v. Loewe*, 756 S.W.2d 177 (Mo.App., S.D.1988). We affirm.

■ Movant was convicted by a jury of first degree assault. He timely filed a Rule 29.15 motion and, after being appointed counsel, timely filed an amended motion and request for an evidentiary hearing. Six days following the filing of the amended motion, the court heard arguments and filed an order denying movant's motion without an evidentiary hearing. This appeal followed.

Movant first claims that the motion court erred in dismissing his claim for failure to state a claim upon which relief can be granted. Movant argues that the court dismissed his motion with prejudice without realistic notice and without opportunity to amend.

In *Wheatley v. State*, the movant filed a pro se motion under Rule 27.26. Before an amendment could be filed, the court summarily denied the motion without notice or opportunity to amend. The Supreme Court of Missouri reversed holding that counsel should first have been given an opportunity to amend after notice of the court's intention to rule on the matter at a time certain. *Wheatley*, 559 S.W.2d 526, 527 (Mo. banc 1977). Movant claims that *Wheatley* governs our decision. We disagree.

*Wheatley* was decided under Rule 27.26. This rule was repealed effective January 1, 1988, and Rules 24.035 (guilty plea) and 29.15 (trial) were adopted in lieu thereof. The rationale behind these new rules was to cut down delays and to prevent the litigation of stale claims, both of which had become common under Rule 27.26. *Day v. State*, 770 S.W.2d 692, 693–94 (Mo. banc 1989). The new rules provide a procedure for challenging convictions based on guilty pleas (24.035) and trials (29.15) and impose time constraints for stages in the procedures. Among these procedures are the following:

Rule 29.15

(e) When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds....

(f) Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or

the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days....

(g) A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed. Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing. If no request for hearing is timely filed or if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. If a hearing is ordered, it shall be held within sixty days of the date of the order granting a hearing.

Rules 29.15 and 24.035, thus, will eliminate *Wheatley* type problems when the rules are followed. In *Wheatley*, the court was concerned with the lack of notice, opportunity to amend and opportunity to be heard. *Wheatley*, 559 S.W.2d at 526–27. Under the new rules, an amendment to the motion is automatically permitted and the movant has notice that a decision on whether or not a hearing will be granted will occur within fifteen days. This is all that *Wheatley* required. *Wheatley* did not require that the court give advance notice of its intended rulings or allow the movant to amend his motions over and over.

As this court in *Chatman* noted:

> *Rule 24.035(g) serves as notice to a movant that the court is going to rule on his motion for an evidentiary hearing within 15 days after a verified amended motion is required to be filed.* This rule embodies the due process protection formerly provided Rule 27.26 movants by caselaw in decisions such as *Wheatley, Mills* [*v. State,* 723 S.W.2d 71 (Mo.App. 1986)] and *Riley* [*v. State,* 680 S.W.2d 956 (Mo.App.1984)].

*Chatman v. State,* 766 S.W.2d 724, 726 (Mo.App., E.D.1989). Rule 29.15 provides for those found guilty at trial the same due process protection Rule 24.035 provides for those entering a guilty plea. The movant's first point of error is therefore without merit.

Movant next claims that his conviction on Count II should be vacated due to insufficient evidence.[1] Movant failed to allege this error in the trial court or on direct appeal, but claims that, as a violation of due process, he can raise it for the first time in his Rule 29.15 motion.

The courts were quite clear in stating that Rule 27.26 post conviction relief motions were to determine whether the defendant's original trial was violative of any constitutional requirements or if the judgment was otherwise void and *not* to relitigate a defendant's guilt or innocence. *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978); *Hemphill v. State,* 566 S.W.2d 200 (Mo. banc 1978); *Eggers v. State,* 734 S.W.2d 300, 302–03 (Mo.App., E.D.1987). The language denoting the scope and nature of Rule 27.26 was almost identical to that in Rules 29.15 and 24.035. In addition, there is no indication of any purpose to change the rules in this respect. Sufficiency of the evidence, therefore, is not to be litigated in Rule 29.15 motions. *See Hemphill v. State,* 566 S.W.2d at 205.

The decision of the motion court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.

---

1. Count II alleged that movant was guilty of first degree assault on one Dennis Day who was shot in a revenge attack on Charles Michaels for bombing Paul Leisure. The complete facts are set forth in *State v. Loewe,* 756 S.W.2d 177 (Mo.App., E.D.1988).