**STATE of Missouri, Respondent,**

v.

**Shirley SMALL, Appellant.**

**Shirley SMALL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62439, 64049.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant, Shirley Small, of stealing over $150 by deceit, in violation of § 570.030 RSMo 1986. The trial court sentenced her as a prior and persistent offender to twelve years imprisonment. Defendant's Rule 29.15 motion for post-conviction relief was denied after an evidentiary hearing. In this consolidated appeal, defendant challenges: (1) the sufficiency of the evidence, (2) admission of hearsay evidence, (3) admission of evidence of other bad acts, (4) denial of Rule 29.15 relief, and (5) use of the MAI-CR3D 302.04 reasonable doubt jury instruction. We affirm.

Defendant went to the Don Brown Chevrolet Buick Dealership in St. Louis on September 19, 1990. Assisted by a salesperson, she decided to purchase a 1990 Buick Skylark for $12,700. Defendant supplied information on a credit application to receive financing for the purchase of the car. She gave the following false, fictitious data: her name was Pauline B. Small; she worked as a registered nurse at Barnes Hospital for twenty-five years before she retired; she had lived at 33 South Euclid Avenue in St. Louis for over twenty years; she owned the six-family flat at 33 South Euclid Avenue; and, she received rental income of $600 monthly. In truth, defendant's name is Shirley Ann Small; she had only worked under an assumed name at Barnes Hospital for a few months as an electrophysiologist, not as a registered nurse; she had lived at 33 South Euclid from July to October, 1990; she never owned the building; she had no source of income.

Don Brown forwarded the information supplied by defendant to General Motors' Acceptance Corporation (GMAC). GMAC approved the loan in reliance on the information given and a limited credit history uncovered for "Pauline B. Small." Defendant purchased the car using a GMAC rebate plus an additional $500 charged to a Visa card as a down payment. After paying the first two monthly installments on the loan, defendant filed a Chapter 13 bankruptcy petition on January 24, 1991. GMAC began collection efforts after the bankruptcy court dismissed the petition on May 2, 1991. A GMAC investigator subsequently learned the information supplied by defendant on her credit application was false. Defendant was arrested on October 7, 1991. GMAC repossessed the car on October 8, 1991.

■ Defendant first contends the trial court erred in overruling her motion for acquittal after the state rested and her motion for judgment notwithstanding the verdict because there was insufficient evidence to convict her of the charged crime. In particular, she alleges the state did not prove criminal conduct occurred. Rather, the state's evidence only suggested defendant breached her contract with GMAC, a matter for which GMAC had a number of civil remedies.

■ A directed verdict of acquittal is authorized only where there is no evidence sufficient to support a guilty verdict. *State v. Bagley,* 771 S.W.2d 93, 95 (Mo.App.1989). The function of the trial court was limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *Id.* In reviewing this issue, we accept as true all evidence that tends to support the verdict and disregard all evidence and inferences to the contrary. *State v. Evans,* 802 S.W.2d 507, 514 (Mo. banc 1991). We affirm the judgment if there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Dunavant,* 674 S.W.2d 685, 686 (Mo.App. 1984).

The statute under which defendant was charged provides, "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Section 570.030.1 RSMo.1986. "Stealing is a class C felony if ... [t]he property appropriated consists of ... [a]ny motor vehicle." Section 570.030.3(3)(a) RSMo.1986. "'Appropriate' means to take, obtain, use, transfer, conceal or retain possession of." Section 570.010(2) RSMo.1986. "'Deceit' means purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind. The term 'deceit' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed. Deception as to the actor's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." Section 570.010(6) RSMo.1986.

The jury found the evidence supported the following propositions, beyond a reasonable doubt, which track the statutory elements of stealing by deceit:

First, that on September 19, 1990, in the City of St. Louis, State of Missouri, the defendant obtained a 1990 Buick Skylark automobile, property owned by Don Brown Chevrolet, and

Second, that defendant did so by stating to representatives from Don Brown Chevrolet that her name was Pauline B. Small, that she owned property in St. Louis, and that she was a retired employee from Barnes Hospital, and

Third, that such information was false, and

Fourth, that the defendant knew such information was false, and

Fifth, that Don Brown Chevrolet relied on such information and was thereby induced to part with such property, and

Sixth, that defendant obtained such property for the purpose of using or disposing of it in such a way that made recovery by the owner unlikely, and

Seventh, that the property obtained was a motor vehicle.

■ In the present case, all the elements were proven by direct evidence except the element of intent to deceive. Subjective intent is usually not supported by direct proof, and it may be proven by circumstantial proof. *Bagley,* 771 S.W.2d at 95. The state's evidence established defendant took possession of a car belonging to Don Brown Chevrolet, and that she was able to do so by providing false information on a credit report upon which Don Brown Chevrolet relied. Defendant does not contest that the car dealership's reliance on the false information she supplied caused it to part with its car. Defendant supplied a fictitious name, date of birth, occupation, and length of employment. She lied about the ownership of the apartment in which she lived and the length of her residency there. After making two payments on the car loan, she filed for bankruptcy. After the bankruptcy petition was dismissed, she wrote to GMAC explaining that it would be paid through her bankruptcy plan. She traveled in the car to Canada and the State of Washington, returning to St. Louis purportedly to pick up her dog. There was ample evidence from which a jury could infer defendant knowingly deceived Don Brown Chevrolet for the purpose of appropriating a car.

■ Defendant does not specifically identify any element that the state failed to prove. Instead, she relies on *State v. David,* 687 S.W.2d 571 (Mo.App.1984) and *State v. Hardin,* 627 S.W.2d 908 (Mo.App.1982). Both cases stand for the proposition that when "the course of dealings between parties gives rise to a debtor-creditor relationship, the failure of the debtor to account to his creditor is insufficient to support a criminal prosecution." *David,* 687 S.W.2d at 572, and *Hardin,* 627 S.W.2d at 911. Both *David* and *Hardin* reversed convictions based on § 570.030. However, neither case involved a wrongful or deceitful appropriation. We agree with defendant that the criminal courts are neither a collection agency nor a forum for the trial of civil disputes over the ownership of property; however, the present case

involves more than a simple breach of contract. Section 570.030 makes it unlawful to acquire the property of another by knowingly supplying false critical, material facts. For purposes of this conviction, it does not matter whether defendant breached her contract with GMAC. The crime was completed when defendant drove the car off Don Brown's lot. Defendant does not deny that she knowingly gave false information to Don Brown Chevrolet in order to obtain credit for the purchase one of its cars, that the false information was relied upon by Don Brown Chevrolet and it was thereby induced to part with its car. Point denied.

■ Defendant's next two points both involve evidence concerning an incident in which defendant purportedly attempted to obtain a 1991 GMC van using false information on a credit application at Terry Fisher Automotive in St. Peters, Missouri. The evidence came in through the testimony of a police investigator, Shirley Blankenship, who investigated the March 14, 1991 incident reported by Terry Fisher personnel. The event occurred five or six months after the Don Brown incident.

Blankenship, in the course of investigating, went to the car dealership where she obtained the suspicious credit application. She arrested defendant and conducted an interview. Blankenship learned from her interview with defendant that defendant gave a fictitious name, date of birth, and address on her credit application at Terry Fisher Automotive. She testified as follows:

[Assistant Circuit Attorney]: Okay, and what name did she tell you she used on the credit application in St. Peters?

[Ms. Blankenship]: Victoria S. Landers.

Q: And did you subsequently talk to her about her real name?

A: Yes, sir, I did.

Q: Okay, and what did you learn from her that her real name was?

A: I never did learn from her directly what her real name was. I had to use another source.

Q: Okay, and did you subsequently come up with a name of Shirley Small?

A: Yes, sir, I did.

＊ ＊ ＊ ＊ ＊ ＊

Q: Okay, and what birthdate did you talk [sic] to her concerning the Terry Fisher application?

A: On the application—

[Defense Counsel]: Objection to the application. There is nobody here from Terry Fisher to tell us about it. I object to this. There is no application.

[The Court]: All right. I am going to overrule the objection. I will admonish the jury that whatever reference to the application is not admissible for its truth, only to explain subsequent conduct. You may proceed.

Q: Okay, and did you ask her about a date of birth that was on the application with Terry Fisher?

A: Yes, I did.

＊ ＊ ＊ ＊ ＊ ＊

Q: Okay, and initially what was her response concerning that birthdate?

A: That it was a bogus birthdate.

＊ ＊ ＊ ＊ ＊ ＊

Q: Okay, did you discuss with her the address that was on the Terry Fisher application?

A: Yes, I did.

Q: Okay. What did she tell you about that address that was on the Terry Fisher application?

A: The address is a post office box. I pressed her for a street address and she gave me an address on Lindell.

＊ ＊ ＊ ＊ ＊ ＊

Q: Okay, and did you do any investigation concerning the Lindell address?

A: Yes, sir, I did. It's not a residential address. It's a business address.

Defendant's first complaint concerning this evidence is that the trial court erred by allowing the introduction of hearsay evidence concerning defendant's contact with another car dealership in that no one from the dealership was called as a witness and the testimony was offered as proof of the matter asserted.

We first note the point presented in defendant's brief is not preserved. During the trial she did not specifically raise a hearsay objection concerning the application. Her objection was vague. It appears to relate to absence of the existence or authentication of the credit application. The question did not call for a hearsay answer. It asked about a conversation with defendant. Therefore, we may only review this point for plain error. Rule 30.20.

Defendant's second claim of error concerning this evidence is also not preserved. She argues the trial court plainly erred by allowing the state to introduce evidence of her giving false information in an attempt to purchase a van from another dealership because this was evidence of other acts which did not bear any relevance to the crimes with which Small was charged.

■ We need not reach the merits of either point. Plain error review should be used sparingly and does not justify review of every alleged trial error that has not been properly preserved for appellate review. *State v. Valentine,* 646 S.W.2d 729 (Mo.1983). We find no manifest injustice or miscarriage of justice has resulted from admission of the evidence concerning defendant's attempt to purchase another vehicle from a car dealership by supplying fictitious information on a credit report. We therefore decline to exercise discretion to review these points.

■ Defendant next contends "THE MOTION COURT CLEARLY ERRED IN OVERRULING [DEFENDANT'S] 29.15 MOTION ... IN THAT THE TRIAL COURT WAS WITHOUT JURISDICTION TO SENTENCE [DEFENDANT] BECAUSE THE STATE HAD FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME OF STEALING OVER $150 BY DECEIT BECAUSE THERE WAS INSUFFICIENT EVIDENCE FROM WHICH THE JURY COULD HAVE FOUND THAT [DEFENDANT] HAD APPROPRIATED PROPERTY OF ANOTHER." The point is not an argument that the court lacked personal or subject matter jurisdiction. Defendant has only restated her first direct appeal point, with the addition of terms "the trial court was without jurisdiction to sentence." In fact, defendant's appellate brief contains a verbatim restatement of her argument from the first point. She states in her reply brief that "the need for a distinction between post conviction remedies and direct appeal remedies became non-existent because the two proceedings are now consolidated." Defendant relies on no legal support for this false notion. In truth, a post-conviction motion cannot be used as a substitute for matters to be raised on direct appeal. *State v. Tolliver,* 839 S.W.2d 296, 298 (Mo. banc 1992). Nor can it be used as a vehicle to repeat the same argument.

■ The motion court correctly stated that defendant's claim amounted to an issue of sufficiency of the evidence, an issue not cognizable in a Rule 29.15 motion. *Loewe v. State,* 778 S.W.2d 331, 333 (Mo.App.1989). Point denied.

Defendant's last contention questions the constitutionality of the jury instruction patterned after MAI–CR3D 302.04 equating reasonable doubt with "firmly convinced." Small acknowledges the Missouri Supreme Court, in *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993), upheld the constitutionality of this instruction. The argument is procedural only, to preserve the claim in the event some court in the future concludes this reasonable doubt definition is constitutionally defective. Point denied.

We affirm the conviction, sentence, and denial of Rule 29.15 relief.

SIMON, P.J., and PUDLOWSKI, J., concur.